UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | |
|---|---|
| ALBERTO REYES, JR., | Civil Action No.: |
| Plaintiff, | |
| -against- | **COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT and THE TELEPHONE CONSUMER PROTECTION ACT** |
| LINCOLN AUTOMOTIVE FINANCIAL SERVICES, | |
| | **DEMAND FOR JURY TRIAL** |
| Defendant(s). | |

------------------------------------------------------------------X

Plaintiff ALBERTO REYES, JR., ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant, LINCOLN AUTOMOTIVE FINANCIAL SERVICES (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA) and also for damages and declaratory and injunctive relief arising from violations of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act (FDCPA).

### PARTIES

2. Plaintiff ALBERTO REYES, JR. is a resident of the State of New York, with an

address at 1936 Hempstead Turnpike, Suite 296, East Meadow, NY 11554.

3. Defendant LINCOLN AUTOMOTIVE FINANCIAL SERVICES is a Michigan company engaged in the business of debt collection with a corporate headquarters at c/o Ford Motor Credit Company, LLC, One American Road, Dearborn, MI 48126.

4. The Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a(3).

5. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

10. Upon information and belief, and better known to the Defendant, Defendant began its campaign of communications with the Plaintiff on or about June 1, 2012 by placing calls to Plaintiff's cellular telephone number 516 445 3746. Defendant's calls resulted in pre-recorded voice messages left seeking Plaintiff and requesting

calls resulted in pre-recorded voice messages left seeking Plaintiff and requesting return calls to Defendant.

11. Plaintiff runs his own business and Plaintiff's cellular telephone is his business telephone. Accordingly, on June 14, 2013, Plaintiff wrote a letter to Defendant regarding disputes of charges, concluding his letter by writing: "I would also like to request in writing that no telephone contact be made by your office to my cell phone."

12. Despite Plaintiff's written request, Defendant continued to place telephone calls and leave pre-recorded voice messages to Plaintiff's cellular telephone at a rate of thirty (30) calls per month for fourteen (14) months.

13. On June 25, 2014, Plaintiff placed a telephone call to Defendant and verbally requested of a representative that further calls to his cellular telephone cease and that Defendant restrict communication to e-mail or writing. The representative with whom Plaintiff conversed informed Plaintiff that it would be impossible to cease further calls.

14. On September 30, 2014, Defendant placed another call to Plaintiff's cellular telephone. The call was a pre-recorded female voice stating: "This is a call for [inserted computerized voice stating Plaintiff's name]. Press one to continue." Plaintiff pressed one and Defendant's recording stated: "This is an important call from [inserted computerized voice saying Defendant's name]. If this is [inserted computerized voice stating Plaintiff's name], please press one." When Plaintiff pressed one, Defendant's recording continued: "Thank you. We have important information regarding your [inserted computerized voice saying Defendant's name] account. Before we proceed, we need to confirm your identity. If you are not the account holder please press the star key. Please enter your five digit zip code. This is a reminder that your payment on your [inserted computerized voice saying

Lincoln MKV] in the amount of [inserted computerized voice stating amount]. To make a payment now using our telephone payment system [computerized voice saying "press one"]. If you made your payment in the last five days [computerized voice saying "press two"]. If you will be making a payment in the near future computerized voice saying "press three"]." Defendant's recording then repeated itself twice while Plaintiff attempted to press zero to speak with a representative after which Defendant's recording said: "The response we received is invalid." Finally, Plaintiff heard Defendant's recording state: "To speak to a customer service representative, press four." Plaintiff pressed four and was connected to a representative.

15. Plaintiff then conversed with Defendant's representative and when this representative asked if Defendant could call Plaintiff's cellular telephone, Plaintiff again repeated his request that Defendant cease such calls, explained that his cellular telephone is a business telephone and informed Defendant's representative of his initial written request.

### FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

16. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set forth at length herein.

17. 15 USC §1692c(c) states that if a consumer notifies a debt collection agency in writing that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt.

18. The Defendant violated 15 USC §1692c(c) by failing to honor Plaintiff's

request to receive no further communication on his cellular telephone regarding the debt in question on June 14, 2013.

19. 5 USC §1692 f – preface prohibits a debt collector from using any unfair or unconscionable means in connection with the collection of a debt.

20. The Defendant violated 15 USC §1692 f - preface when it persisted in contacting Plaintiff on his business telephone and stating to Plaintiff on June 25, 2014 that it would not be possible to stop calling Plaintiff's business telephone. Defendant also unfairly and unconscionably prevents the consumer from easily speaking with a live person by placing telephone calls to consumers which direct the consumer to follow instructions and press various buttons on their keypads, thereby placing consumers who answer their telephones in the position of being asked to do Defendant's work of triage for them to direct calls or accept payments.

## SECOND CAUSE OF ACTION
### Violations of the TCPA

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

22. According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), it shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service

or any service for which the called party is charged for the call.

23. Defendant willfully violated TCPA 47 USC §227(b)(A)(iii) by placing unauthorized autodialed telephone calls using artificial computerized voices and pre-recorded messages to Plaintiff's cellular telephone.

24. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages of $720,000.00 in accordance with the TCPA.

## DEMAND FOR TRIAL BY JURY

25. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B. For damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's four hundred and eighty (480) plus violations of the TCPA, for additional damages of $720,000.00.

C. For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
        February 4, 2015

       Respectfully submitted,

      By: _/s/ Edward B. Geller_____
      Edward B. Geller, Esq. (EG9763)
      Edward B. Geller, Esq., P.C., Of Counsel to
      M. HARVEY REPHEN & ASSOCIATES, P.C.
      15 Landing Way
      Bronx, New York 10464
      Phone:   (914)473-6783

      *Attorney for the Plaintiff* ALBERTO REYES, JR.

To: LINCOLN AUTOMOTIVE FINANCIAL SERVICES
   c/o Ford Motor Credit Company, LLC
   One American Road
   Dearborn, MI 48126

   *(Via Prescribed Service)*

   Clerk,
   United States District Court, Eastern District of New York
   *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    CASE NO.:

ALBERTO REYES, JR.,

                              Plaintiff(s),

-against-

LINCOLN AUTOMOTIVE FINANCIAL SERVICES,

                              Defendant(s).

## COMPLAINT

Edward B. Geller, Esq., P.C., Of Counsel to
*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*15 Landing Way*
*Bronx, New York 10464*
Phone:     (914)473-6783