UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALBERTO REYES, JR..,

                              Plaintiff,

          -against-

LINCOLN AUTOMOTIVE FINANCIAL
SERVICES,

                              Defendant.
------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 15-0560

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★    JUN 20 2016    ★

LONG ISLAND OFFICE

APPEARANCES:

    MARCUS ZELMAN, LLC
    BY:   Yitzchak Zelman, Esq.
             Ari H. Marcus, Esq.
    Attorneys for Plaintiff
    1500 Allaire Avenue, Suite 101
    Ocean, NJ 07712

    PHILLIPS LYTLE, LLP
    BY:   Paul Morrison-Taylor, Esq.
             Joseph B. Schmidt, Esq.
             Heather H. Kidera, Esq.
    Attorneys for Defendant
    The New York Times Building
    620 Eighth Avenue, 23rd Floor
    New York, NY 10018

WEXLER, District Judge:

       This is an action brought pursuant to the Telephone Consumer Protection Act ("TCPA") and the Fair Debt Collection Practices Act ("FDCPA) for damages, and declaratory and injunctive relief as a result of telephone calls made by Defendant to Plaintiff as part of

Defendant's effort to collect an unpaid debt. Before the Court is Defendant's motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56. Plaintiff opposes the motion. For the following reasons, Defendant's motion is granted in its entirety.

## BACKGROUND

On June 29, 2012, Plaintiff, Alberto Reyes, Jr. ("Plaintiff" or "Reyes"), leased a new 2012 Lincoln MKZ luxury sedan through Defendant Ford Motor Credit Company LLC ("Ford Credit"), sued herein as Lincoln Automotive Financial Services. (Def. Local Civ. R. 56.1 Statement ("Def. 56.1") ¶ 1.)[1] In connection with this transaction, Plaintiff executed a written New York Lease Contract (the "Lease Contract"), dated June 29, 2012. (Id.) The Lease Contract provided that Plaintiff would make monthly payments of $650 for a term of thirty-six months. (Lease Contract ¶ 2, annexed to Def. 56.1 at Ex. A.)

As part of the Lease Contract, Plaintiff expressly consented to receive telephone calls from Ford Credit, "includ[ing] but not limited to, contact by manual calling methods, prerecorded or artificial voice messages, text messages, emails, and/or automatic telephone dialing systems." (Def. R. 56.1 ¶ 3; Lease Contract ¶ 43.) Plaintiff further consented to Ford Credit using "any telephone number" provided by Plaintiff in order to contact him, "including a number for a cellular phone or other wireless device, regardless of whether [Plaintiff] incur[s] charges as a result." (Def. R. 56.1 ¶ 4; Lease Contract ¶ 43.)

---

[1] Plaintiff's Counter-Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1 states that "Plaintiff does not dispute Defendant's Rule 56.1 Statement of Facts." (Pl. Local Civ. R. 56.1 Statement of Facts.) Rather, Plaintiff offers additional 56.1 statements of fact, all of which are disputed by Defendant.

-2-

Plaintiff failed to make several payments under the Lease Contract when due, thereby defaulting on his obligation. (Def. 56.1 ¶ 5; Pl. Dep. 69-71.) Thereafter, Ford Credit began telephoning Plaintiff at the phone number provided by Plaintiff in the Lease Contract in an effort to cure Plaintiff's default. (Def. 56.1 ¶ 6.) Plaintiff failed to cure his default and Ford Credit repossessed the vehicle. (Def. 56.1 ¶ 7; Pl. Dep. 69.)

Plaintiff commenced the within action on February 6, 2015, alleging violations of both the TCPA and the FDCPA. Plaintiff requests damages in the amount of $720,000.

## DISCUSSION

### I. Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to establish the lack of any factual issues. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The very language of this standard reveals that an otherwise properly supported motion for summary judgment will not be defeated because of the mere existence of some alleged factual dispute between the parties. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Rather, the requirement is that there be no "genuine issue of material fact." Id. at 248.

The inferences to be drawn from the underlying facts are to be viewed in the light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986). When the moving party has carried its burden, the party opposing summary judgment must do more than simply show that "there is some metaphysical doubt as to

the material facts." Id. at 586. In addition, the party opposing the motion "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 248.

When considering a motion for summary judgment, the district court "must also be 'mindful of the underlying standards and burdens of proof' . . . because the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions." SEC v. Meltzer, 440 F. Supp. 2d 179, 187 (E.D.N.Y. 2006) (quoting Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988)) (internal citations omitted). "Where the non-moving party would bear the ultimate burden of proof on an issue at trial, the burden on the moving party is satisfied if he can point to an absence of evidence to support an essential element of the non-movant's claim." Meltzer, 440 F. Supp. 2d at 187.

II. Plaintiff Has Abandoned His FDCPA Claim

Defendant moves for summary judgment with respect to Plaintiff's FDCPA claim on the grounds that the statute is inapplicable to Ford Credit since it is a creditor, not a debt collector. (Def. Mem. of Law 5-6.) Plaintiff failed to offer any argument in opposition to Defendant's contention and, in fact, there is no mention of his FDCPA claim whatsoever in his opposition to the within motion.

"Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way." Maher v. Alliance Mortgage Banking Corp., 650 F. Supp. 2d 249, 267 (E.D.N.Y. 2009) (quotation omitted) (citing cases); Ostroski v. Town of Southold, 443 F. Supp. 2d 325, 340

(E.D.N.Y. 2006) ("Because plaintiff's opposition papers did not address defendants' motion for summary judgment on this claim, the claim is deemed abandoned and summary judgment could be granted on that basis alone."). Based on Plaintiff's failure to oppose Defendant's motion with respect to the FDCPA claim, the Court deems the claim abandoned. Defendant's motion for summary judgment is granted as to Plaintiff's FDCPA claim.

III. <u>The TCPA</u>

"The TCPA prohibits any person from calling a cell phone number 'using any automatic dialing system or an artificial or prerecorded voice' unless that person has 'prior express consent of the called party.'" Saunders v. NCO Fin. Sys., Inc., 910 F. Supp. 2d 464, 467 (E.D.N.Y. 2012) (quoting 47 U.S.C. § 227(b)(1)(A)(iii)). "[T]he authorities are almost unanimous in holding that voluntarily furnishing a cell phone number to a vendor or other contractual counterparty constitutes express consent." Saunders, 910 F. Supp. 2d at 467 (collecting cases). It is undisputed that Plaintiff provided express consent to be contacted by Ford Credit, in accordance with the TCPA, when he voluntarily provided his cellular telephone number on the Lease Contract. The issue, however, is whether or not Plaintiff subsequently revoked that consent.

The Second Circuit has yet to rule on whether a plaintiff may revoke prior express consent under the TCPA. Relying on a Third Circuit case and a July 2015 Declaratory Ruling and Order issued by the Federal Communications Commission ("FCC"), Plaintiff argues that although he did provide prior express consent to be contacted on his cellular telephone, he revoked that consent by letter dated June 14, 2013. (Zelman Decl., Ex. B.) However, a review of the letter (the "Letter") Plaintiff purports to have sent Defendant reveals that it is merely

addressed to "Lincoln Credit," with nothing more, and it is not signed by Plaintiff. During his deposition, Plaintiff testified that the Letter is a form letter, that he does not recall the address that he mailed the Letter to, and that he has no record that the Letter was actually sent to Defendant. (Pl. Dep. 44, 48-49.) Moreover, when shown a response letter from Ford Credit, dated December 1, 2014, Plaintiff confirmed that the response letter stated that Defendant never received Plaintiff's June 14, 2013 Letter. (Pl. Dep. 59-62.) The foregoing is insufficient to demonstrate that Plaintiff revoked his consent to receive telephone calls from Ford Credit on his cellular telephone.

In addition, the Third Circuit case on which Plaintiff relies, <u>Gager v. Dell Fin'l Servs., LLC</u>, 727 F.3d 265, 267 (3d Cir. 2013), is distinguishable from the facts herein. <u>Gager</u> involved a credit application on which the plaintiff provided her cellular telephone number. <u>See id.</u> When the plaintiff defaulted on her line of credit, the defendant began contacting her at the telephone number she provided on her credit application. <u>See id.</u> Thereafter, the plaintiff sent the defendant a letter requesting that the defendant cease calling her regarding her account. <u>See id.</u> The Third Circuit found that previously provided express consent may be revoked under the TCPA.[2] <u>See id.</u> at 271.

The instant action differs from <u>Gager</u> in that Plaintiff provided contractual consent in the Lease Contract to receive telephone calls from Ford Credit, "includ[ing] but not limited to, contact by manual calling methods, prerecorded or artificial voice messages, text messages, emails, and/or automatic telephone dialing systems." (Lease Contract ¶ 43.) Plaintiff further

---

[2] The FCC's July 2015 Declaratory Ruling and Order adopted the holding in <u>Gager</u>. (Zelman Decl., Ex. D.)

contractually consented to Ford Credit using "any telephone number" provided by Plaintiff in order to contact him, "including a number for a cellular phone or other wireless device, regardless of whether [Plaintiff] incur[s] charges as a result." (Lease Contract ¶ 43.) Put simply, Plaintiff entered into a contract with Ford Credit that provided for the very contact that he now seeks to challenge. The credit application in <u>Gager</u> contained no such similar language and its holding is, therefore, inapplicable here.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted in its entirety. Plaintiff's Complaint is dismissed and judgment as a matter of law is granted in favor of Defendant.

**SO ORDERED:**

Dated: Central Islip, New York
      June 20, 2016

                                        s/ Leonard D. Wexler
                                        LEONARD D. WEXLER
                                        United States District Judge